### REICH v. E. W. BLISS BUILDINGS, Inc.

(Supreme Court, Appellate Division, First Department. December 30, 1915.)

JUDGMENT ☞143—DEFAULT—RIGHT TO OPEN—EXCUSE.

Where, a case being on the calendar in the Supreme Court, Part XIII, adjournment was granted pending disposition of appeal in another case, on condition that plaintiff file a stipulation by a certain day that, if there be an affirmance on such appeal, the pending case be dismissed, "otherwise the action is set for trial for" a certain later day, and, no stipulation being filed, the case appeared on the calendar in Part IV on the later day, and plaintiff not appearing and being defaulted, the complaint was dismissed, she is not entitled to have the default opened; her attorneys, who watched for the appearance of the case only on the calendar of Part XIII, having no reason to expect its appearance there, the stipulation not having been filed, and she giving no valid reason why the stipulation was not filed.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 269, 270, 272–291; Dec. Dig. ☞143.]

Appeal from Special Term, New York County.

Action by Elizabeth Reich against the E. W. Bliss Buildings, Incorporated. From an order, as resettled, opening plaintiff's default, defendant appeals. Reversed, and motion denied.

---

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, DOWLING, and SMITH, JJ.

Chester W. Cuthell, of New York City, for appellant.

Charles R. Carruth, of New York City, for respondent.

PER CURIAM. This action was commenced in May, 1906. A similar action for a much larger amount was brought to trial in April, 1914, and after a five days' trial the jury found for the defendant. The present action, which was also on the calendar, was then brought on for trial on April 27, 1914, before the trial justice, and the defendant moved the trial thereof, when plaintiff's attorney asked that the trial be delayed pending the determination of the appeal in the other case. The Court replied:

"I will make this disposition of the matter: Unless the plaintiff files a written stipulation that in the event that the judgment in the action which has been tried is affirmed, the case of Reich v. Bliss Buildings may be dismissed, otherwise the action is set for trial for the second Monday of May."

The date for the filing of the stipulation was fixed by the court at April 30th. No such stipulation was ever filed on behalf of the plaintiff, but the case appeared on the day calendar in Trial Term, Part IV, on May 13th, and, the plaintiff not appearing, the defendant moved the case for trial, plaintiff's default was noted, and judgment was entered on May 13th dismissing the complaint. Thereafter the plaintiff moved to open her default, which was granted on payment of $25 costs.

We are of the opinion that plaintiff has not made any sufficient explanation of her default herein. While her attorneys claimed that they expected that the case would appear again on the calendar of Part XIII, which was the part where the trial judge disposed of the matter as hereinbefore stated, and that they were watching for the appearance of the case on that calendar, and not on Part IV, where it actually appeared, there was no reason why they should have expected its appearance in Part XIII, as they had not complied with the terms imposed by the court as a condition for the adjournment which they asked, namely, that they should file a written stipulation that this case should be dismissed in case the judgment in Reich v. Lane was affirmed. That stipulation never has been filed, nor is there any valid explanation of the failure to file it. The plaintiff, therefore, never complied with the terms upon which the first adjournment was obtained.

Upon this state of facts, plaintiff was not entitled to have her default opened, and the order appealed from is therefore reversed, with $10 costs and disbursements, and the motion to open the default denied, with $10 costs. Order filed.